FILED '07 JUN 19 15:43 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA                    Crim. No. 00-cr-60024-HO

       Plaintiff,

  v.

AZAEL RAMIREZ RODRIGUEZ,

       Defendant.

Defendant pleaded guilty to count one of the indictment charging possession with intent to distribute methamphetamine, and to count two charging illegal reentry of deported alien. On November 21, 2000, the court sentenced defendant to concurrent terms of imprisonment of 151 months on count one, and 120 months on count two. Defendant filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.

## Discussion

The court denied defendant's first Section 2255 motion. This "second" or "successive" motion is not certified by a panel

of the Ninth Circuit Court of Appeals as required by Section 2255. As part of the plea agreement entered knowingly and voluntarily by defendant, <u>United States v. Rodriguez</u>, 35 Fed. Appx. 634, 2002 WL 1050403 (9th Cir.), defendant waived collateral attacks other than those based on ineffective assistance of counsel and retroactive amendment of the sentencing guidelines. Def's ex. at 15. Further, defendant filed this latest attack on his sentence outside of the one year period of limitation specified in Section 2255.

Defendant claims the following grounds for his motion: (1) violation of the protection against double jeopardy; (2) denial of effective assistance of counsel, including appellate counsel; (3) involuntary and unknowing guilty plea; (4) conviction under "unjurisdictional" statute; and (5) denial of due process. In his reply memorandum (ECF/CM [#58]), defendant argues that an evidentiary hearing is required to test his claim that he pleaded guilty without knowing that U.S.S.G. § 2L1.1(b)(1)(B) would be used to determine his sentence on count two.

There is no basis for defendant's claims or need for an evidentiary hearing. Defendant entered his plea with knowledge of the maximum sentence that could be applied on each count. Because of the multiple count adjustment provisions of the sentencing guidelines, Section 2L1.1(b)(1)(B) did not determine defendant's total offense level.

2 - ORDER

## Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct sentence [#52] is denied.

IT IS SO ORDERED.

DATED this 19th day of June, 2007.

                                          /s/ Michael Hogan
                                          United States District Judge

3 - ORDER